UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
DEREK A. HEYLIGER

                      Plaintiff,

   vs.

NEW YORK STATE POLICE
DEPARTMENT, et al.,
                      Defendants.
_____

3:11-CV-1293 (NAM/DEP)

APPEARANCES:

Derek a Heyliger
12-B-0269
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004
Plaintiff, *pro se*

**Norman A. Mordue, United States District Judge**

## MEMORANDUM DECISION AND ORDER

Presently before the Court is *pro se* Plaintiff, Derek A. Heyliger's, amended complaint.[1] *See* Dkt. Nos. 8 and 9. Plaintiff is currently incarcerated and was previously granted permission to proceed in this matter *in forma pauperis* ("IFP"). *See* Dkt. No. 6. Upon initial review of Heyliger's original complaint, which was submitted along with his IFP application, the Court dismissed Plaintiff's claims with leave to replead.

**I.**     **Plaintiff's Amended Complaint**

Though it is still expansive and alleges a host of claims under 42 U.S.C. §§1983, 1985, and

---

[1] Following the Court's initial order dismissing Plaintiff's complaint with leave to replead, Dkt. No. 6, Plaintiff timely filed an amended pleading, Dkt. No. 8. Shortly thereafter, plaintiff filed an additional document which consists of several pages that were apparently inadvertently omitted from the amended pleading. *See* Dkt. No. 9. In deference to Plaintiff's *pro se* status, the Court has considered these two filings as a single, integrated amended complaint.

1

1986,[2] Plaintiff's amended complaint clearly evinces an attempt to rectify the deficiencies that existed in his original complaint, as previously identified by the Court, and, to some extent, narrow his causes of action, reducing the number of named Defendants from forty-two to twenty-five.

### A. **Immunity**

Despite the Court's previous dismissal of the New York State Police, the Broome County District Attorney, and two assistant district attorneys on the basis of immunity, Plaintiff identifies them as Defendants in his amended complaint. For the reasons set forth in this Court's Decision and Order of December 13, 2011, Dkt. No. 6, these Defendants will remain dismissed from the amended complaint. In his amended pleading, Plaintiff also identifies three new defendants, Cathern Maloni, Binghamton City Court Clerk, Judge William C. Pelella, and Heyliger's court-appointed defense attorney, Mark Young.

Judges enjoy absolute immunity from liability for "acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 1217 (1967). Absolute immunity applies "even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.*, 87 S. Ct. at 1218 (citation and internal quotation marks omitted); *accord Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994), *cert. denied*, 514 U.S. 1102, 115 S. Ct. 1837 (1995). Indeed, the doctrine of judicial immunity is expansive and is only overcome when the act in question is nonjudicial

---

[2] As Plaintiff was previously advised, Section 1988 authorizes an award of attorney's fees to the party prevailing in an action or proceeding to enforce various statutes protecting civil rights. *See* 42 U.S.C. § 1988(b). It does not give rise to an independent cause of action. *D.A. Collins Const. Co., Inc. v. ICOS/NCCA a Joint Venture*, No. 91-CV-933, 1994 WL 328626, at * 11 (N.D.N.Y. 1994) (McCurn, S.J.) (citing *Reeves v. American Optical Co.*, 408 F. Supp. 297, 302 (W.D.N.Y. 1976)). Accordingly, that claim will remain dismissed from the action.

or is performed in the "complete absence of any jurisdiction." *Miller v. Cnty. of Nassau*, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S. Ct. 286 (1991)). Plaintiff's allegations against Judge Pelella are sparse. Plaintiff alleges that his appearance for arraignment before Judge Pelella was unduly delayed and complains that when he was eventually arraigned Judge Pelella declined to set "concurrent" bail. To the extent that the amended complaint can be construed to raise claims associated with Judge Pelella's decisions to remand or arraign him, these acts fall squarely within a judge's judicial jurisdiction, *Alsaifullah v. Carter*, No. 1:06-CV-1481, 2009 WL 455442, at * 2 (N.D.N.Y. Feb. 23, 2009), and any claims based thereon are dismissed.

Turning to Defendant Maloni, in certain circumstances court clerks enjoy absolute quasi-judicial immunity. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). Such immunity attaches when the clerk is performing tasks that are judicial in nature and an integral part of the judicial process as well as to administrative functions "if the task was undertaken pursuant to explicit direction of a judicial officer or pursuant to the established practice of the court." *Humphrey v. Court Clerk for the Second Circuit*, No. 508-CV-0363, 2008 WL 1945308 (N.D.N.Y. May 1, 2008) (Hurd, J.) (citing *Rodriguez*, 116 F.3d at 66-67). Defendant Maloni is sued in her individual capacity as Clerk of Binghamton City Court. It seems to be Plaintiff's contention that Defendant Maloni conspired with certain of the named co-defendants and intentionally refused to accept Plaintiff's filings in order to prevent his arraignment, deprive him of his liberty, and subject him to cruel and unusual punishment. The Second Circuit has held that a court clerk may be held liable for constitutional violations arising out of his or her refusal to accept papers. *LeGrand v. Evan*, 702 F.2d 415, 418 (1983). Affording Plaintiff the utmost of special leniency, to which he is entitled as a *pro se* litigant, the Court concludes that he has alleged enough facts to raise a colorable claim against Maloni and avoid dismissal at this

3

stage. *See id.*

    **B.**    <u>**State Action**</u>

Defendant Young, whom Plaintiff alleges was appointed to represent him in the underlying criminal proceeding is mentioned in only a few paragraphs of Plaintiff's amended complaint. In this regard, Plaintiff merely alleges that Defendant Young relayed to him that the District Attorney Defendants did not want Plaintiff to be released on bail as well as the "threat" that Plaintiff was going to be brought up on federal criminal charges, and further that Defendant Young conspired with other named Defendants to obstruct justice and deprive him of his liberty, among other things. *See* Amended Complaint (Dkt. No. 8) ¶ 76. In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person or entity acting under color of state law and (2) such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993); *see also Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988)). State action is an essential element of any Section 1983 claim. *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, D.J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, C.J.) (citation omitted)). It is the plaintiff's duty to allege state action on the part of the defendants named in a complaint, and a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus. *See, e.g., Giannini vs. Pearson et al.*, No. 95-CV-1669, slip op. at 4 (N.D.N.Y.), *appeal dismissed*, (2d Cir. Apr. 19, 1996); *Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint where plaintiff failed to allege state action on part of defendants) (citations omitted).

4

It is well established that court-appointed counsel do not act under color of state law when performing traditional functions as counsel to a defendant in a criminal proceeding. *Faison v. Maccarone*, No. 11-CV-0137, 2012 681812, at * 13 (E.D.N.Y. Mar. 1, 2012) (citing cases). A private actor can, however, be considered as acting under the color of state law for the purposes of Section 1983 when wilfully participating in joint activity with the State or its agents, *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). Here, though minimally, Plaintiff's amended complaint sufficiently alleges that Defendant Young engaged in such joint activity to violate Plaintiff's constitutional rights with other named Defendants.

### C. Plaintiff's Section 1985 and 1986 Claims

Finally, with regard to Plaintiff's Section 1985 and 1986 claims, as Plaintiff was previously instructed, in order to properly plead such a claim, a plaintiff must make more than "conclusory, vague, or general allegations of conspiracy." *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir.1983) (per curiam); *Williams v. Reilly*, 743 F. Supp. 168, 173 (S.D.N.Y. 1990) ("[u]nsubstantiated, conclusory, vague or general allegations of a conspiracy to deprive constitutional rights are not enough to survive [even] a motion to dismiss"). "[D]iffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (quoting *Dwares*, 985 F.2d at 100). Although it is a close call, when broadly construing the allegations in Plaintiff's amended complaint and affording him the benefit of all favorable inferences that may be drawn from the allegations therein, without making a determination as to the merits of such claims, the Court concludes that at this juncture Plaintiff has sufficiently pleaded claims under Sections 1985 and 1986.

### II. Plaintiff's Second Amended and/or Supplement Complaint

On March 6, 2012, Plaintiff filed a third complaint, utilizing a court-provided form for commencing civil rights actions, along with a second IFP application.[3] *See* Dkt. No. 12. This pleading appears to assert allegations regarding exhaustion of administrative remedies not included in his earlier pleadings, but otherwise incorporates by reference the allegations contained in his amended complaint, Dkt. 8. It is appears that this recently filed pleading represents Plaintiff's attempt to further amend and/or supplement his amended complaint. Supplementation is governed by Rule 15(d) of the Federal Rules of Civil Procedure, which provides that

> [o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). An amended pleading is designed to include matters occurring before the filing of the original pleading but either overlooked or not known at the time; a supplemental pleading, in contrast, is designed to incorporate matters subsequently occurring but pertaining to the original cause. *Slavenburg Corp. v. Boston Ins. Co.*, 30 F.R.D. 123, 126 (S.D.N.Y. 1962). In addition, a Rule 15(d) motion may be appropriate when the movant seeks to add new parties or claims arising from the new events. *See Griffin v. City Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 226, 84 S. Ct. 1226 (1964) ("[I]t follows, of course, that persons participating in these new events may be added if necessary. Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice."); *Quentin Group LLC v. Interlink Prods. Int'l Inc.*, No. 97 Civ. 0108(SC), 1997 WL 313156, at * 2 (S.D.N.Y. June 9, 1997) ("A party may supplement its complaint

---

[3] Plaintiff is advised that since his application to proceed IFP has already been granted, it is not necessary that he file any further requests for such relief.

by adding new claims to the action 'when subsequent events make it necessary to do so. . . .'" (quoting 3 James Wm. Moore et al., Moore's Federal Practice § 15.30, at 15-107 (3d ed.1997)).  Rule 15(d) motions are evaluated under the same liberal standards used to evaluate motions to amend pleadings under Rule 15(a).  *See New York State Nat'l Org. for Women v. Cuomo*, 182 F.R.D. 30, 36 (S.D.N.Y.1998); *Forbes & Wallace, Inc. v. Chase Manhattan Bank*, 79 F.R.D. 563, 565 (S.D.N.Y.1978).

This Court's Local Rules of Practice require a party moving to amend or supplement a pleading to attach an unsigned copy of that pleading to its motion papers, and that the "proposed amended pleading must be a complete pleading, which will supercede the original pleadings in all respects.  A party shall not incorporate any portion of its prior pleading in to the proposed amended pleading by reference."  N.D.N.Y.L.R. 7.1(a)(4).  In addition, the movant must specifically identify the proposed amendments in the proposed pleading.  *Id.*

To the extent that, by way of his recent submission, Plaintiff seeks to amend or supplement the amended complaint, his submission fails in two respects.  First, he has failed to identify his submission as seeking such relief.  Second, the proposed amended and/or supplemental pleading is not in proper form because it fails to identify the specific amendments or supplements to the previous pleading and improperly incorporates the allegations of the amended complaint by reference.  Thus, Plaintiff's submission will be stricken for failure to comply with the Court's Local Rules.

Accordingly, it is hereby

ORDERED that Defendants Moller, Jensen, and Jackson, and Plaintiff's Section 1988 claims remain dismissed from the action, and Defendant Pelella is also dismissed from the action; and it is further

ORDERED that Plaintiff's amended complaint, Dkt. Nos. 8 and 9, is otherwise accepted for filing; and it is further

ORDERED that upon receipt from Plaintiff of the documents required for service of process, the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the Defendants.  The Clerk shall forward a copy of the summons and amended complaint by mail to the Corporation Counsel for the City of Binghamton and the Broome County Attorney's Office, together with a copy of this Memorandum Decision and Order; and it is further

ORDERED that the Clerk provide the superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's authorization form, and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

ORDERED that the Clerk provide a copy of Plaintiff's authorization form to the financial deputy of the Clerk's office; and it is further

ORDERED that a response to Plaintiff's amended complaint be filed by the Defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the Defendants; and it is further

ORDERED that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does

not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket. Plaintiff must comply with any requests by the clerk's office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify in writing the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to so may result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the court; and it is further

ORDERED that Plaintiff's second amended and/or supplemental complaint, Dkt. No. 12, be stricken from the Court's docket for failure to comply with the Court's Local Rules of Practice; and it is further

ORDERED that the clerk serve a copy of this Memorandum Decision and Order on Plaintiff.

IT IS SO ORDERED.

Date: March 12, 2012

_____
Honorable Norman A. Mordue
U.S. District Judge